# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 19-10875

———

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2020

Lyle W. Cayce
Clerk

In re:  RYAN EUGENE RAY,

     Appellant

———

Appeal from the United States District Court
for the Northern District of Texas

———

Before WIENER, STEWART, and WILLETT, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Attorney Ryan Eugene Ray appeals his permanent disbarment from the U.S. District Court for the Northern District of Texas. The district court imposed this sanction after determining that Ray engaged in fraudulent and other misconduct in a wrongful termination case involving one of his clients. We AFFIRM.

## I. Facts & Procedural Background

On July 15, 2013, Jose Hernandez, a United States Army reservist who worked for Results Staffing, Inc. ("RSI"), failed to report to work and instead went to the emergency room ("ER") complaining of a headache and back pain. *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 357 (5th Cir. 2018). RSI fired Hernandez for violating its "no call/no show" policy, which required employees to report to their employer four hours prior to their scheduled shift if they were unable to come to work. *Id*. Hernandez hired Ray to represent him and, in 2014, filed suit against RSI alleging violation of his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") of 1994. *Id*.

No. 19-10875

Hernandez claimed that his ER visit was for treatment of an aggravation of a back condition that he suffered while on military duty the preceding weekend. *Id*. at 359. Thus, under USERRA's convalescence provision, his reporting period was extended to July 16, on grounds that he sustained an injury during his military service on July 15. *See* 38 U.S.C. § 4312(e)(2)(A) ("A person who is hospitalized for, or convalescing from, an illness or injury incurred in, or aggravated during, the performance of service in the uniformed services shall, at the end of the period that is necessary for the person to recover from such illness or injury, report to the person's employer[.]").

During the discovery period, RSI served Hernandez with requests for production of all medical records from July 2013, including those from the July 15 ER trip, as well as any records relating to treatment for his injuries alleged in his suit against RSI. *Id*. at 357–58. In response, Hernandez turned over a doctor's note from his attending physician stating that Hernandez was under his care on July 15 and could return to work the following day. *Id*. at 358. On March 12, 2015, RSI obtained Hernandez's signature on an authorization to obtain relevant medical records but did nothing with the signed document thereafter. *Id*. Then, at some point between May 15 and May 18, 2015, Ray received copies of Hernandez's medical records from the July 15 ER trip and claimed to have faxed the records to opposing counsel but later discovered that the fax failed to transmit. *Id*.

A bench trial was held and the district court denied Hernandez's claims and rendered judgment in favor of RSI. *Id*. Hernandez appealed and this court reversed and rendered judgment in his favor, remanding for the district court's calculation of damages. *See Hernandez v. Results Staffing, Inc.*, 677 F. App'x 902, 908 (5th Cir. 2017) (per curiam) (unpublished). While the case was pending on remand, RSI learned that Ray had Hernandez's July 15 ER records in his possession prior to trial but failed to disclose them. *Hernandez*, 907 F.3d

2

at 358. RSI also contended that Hernandez and his wife gave false testimony at trial as to the true reason for Hernandez's ER trip. *Id*. RSI filed a Rule 60(b) motion for relief from judgment,[1] attaching the July 15 records revealing that Hernandez visited the ER with the primary complaint of a migraine-type headache, with back pain as only an associated symptom resulting from a chronic non-disabling condition that he had for many years. *Id*. at 358–59. RSI complained that these records proved that Hernandez's ER trip was not for treatment of an aggravation of a back condition that he suffered while on military duty the previous weekend as he had testified at trial and argued on appeal. *Id*. at 359.

Agreeing with RSI, the district court granted the Rule 60(b) motion. *Id*. at 358–59. The district court determined that Hernandez and his wife intentionally gave false testimony to mislead RSI in its trial preparation and that this testimony ultimately misled the Fifth Circuit on appeal. *Id*. at 359. The district court also concluded that Ray failed to take the appropriate steps to supplement an incomplete discovery response by providing the July 15 ER records to opposing counsel once they came into his possession. *Id*.

On interlocutory appeal, this court affirmed the district court's judgment granting RSI's Rule 60(b) motion. *Id*. at 366. We explained that:

> We do not need to reach the more difficult question whether the signing of an authorization for release of protected health information is sufficiently responsive to a Rule 34 request for production, because once Hernandez's counsel obtained physical possession of the records, he had a continuing obligation under Rule 26(e) to disclose them to RSI. By declining to do that, Hernandez failed to meet his obligations under the federal rules, which include a duty to supplement prior

---

[1] *See* FED. R. CIV. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] fraud[,] . . . misrepresentation, or misconduct by an opposing party[.]").

> disclosures "in a timely manner" if they are incomplete and "if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

*Id.* at 362. We held that "[t]he district court correctly applied our two-pronged test for Rule 60(b)(3) motions, finding, by clear and convincing evidence, that Hernandez engaged in fraud or other misconduct that prevented RSI from fully and fairly litigating its case."[2] *Id.* at 365.

Hernandez filed a motion for reconsideration of the district court's final order granting RSI's Rule 60(b) motion. RSI filed a response brief in support of its motion for sanctions requesting that the district court sanction both Ray and Hernandez by awarding RSI attorney's fees and litigation expenses incurred since May 2015 and dismissing all pending litigation with prejudice. The district court denied Hernandez's motion for reconsideration. In April 2019, Hernandez and RSI settled and filed a joint stipulation for dismissal with prejudice of all pending claims pursuant to Rule 41. *See* FED. R. CIV. P. 41(a)(1)(A)(ii). The district court entered final judgment accordingly, but the proceedings did not end there. Less than a month later, the district court ordered Ray to file a response "relative to his conduct [in the Hernandez case] and the possibility that the court might issue an order imposing discipline on him for his inappropriate conduct, including the possibility of an order directing the court clerk to remove Ray's name from the role of attorneys authorized to practice law before this court." Ray filed a response arguing against the district court's imposition of sanctions. Ray also declined the

---

[2] *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (establishing that to prevail on a Rule 60(b)(3) motion, the movant must show "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case").

district court's offer of a hearing as well as its solicitation of the details of any financial burden Ray had incurred as a result of the settlement entered into with RSI.

The district court severed Ray's disciplinary proceedings from the Hernandez case and filed a memorandum opinion and order directing the clerk to remove Ray's name from the list of attorneys authorized to practice law in the U.S. District Court for the Northern District of Texas. *See In re Discipline of Ray*, No. 4:19-MC-015-A, 2019 WL 3082523, at *1 (N.D. Tex. July 15, 2019). In its 26-page order, the district court explained that it imposed this sanction under Local Civil Rule 83.8(b)(1),(3), and (4), which provides that a presiding judge may impose appropriate discipline against a member of the bar for "conduct unbecoming a member of the bar[,]" "unethical behavior[,]" and the "inability to conduct litigation properly[.]" *Id.* The district court stated:

> Contrary to the expectations of *Dondi*,[3] Ray's conduct on behalf of Hernandez fueled unnecessarily the costs to [RSI] of this litigation to the point of causing it to expend something in excess of $340,000 before it was all over with. Ray's behavior as attorney for Hernandez was of a pattern that tended to be destructive of the administration of justice in this action. He engaged in fraud, misrepresentation, and misconduct that created a false record and provided fodder for false arguments by Hernandez and his counsel to this court and to the Fifth Circuit in the initial appeal. Ray sat silently by when, at oral argument in the Fifth Circuit during the initial appeal, one of the panel members asked the attorney for [RSI] if there was any evidence in rebuttal to [Hernandez's] claim that his trip to the emergency room the morning of July 15, 2013, was to receive

---

[3] *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 287–88, 291 (N.D. Tex. 1988) (en banc) (establishing and adopting standards of litigation conduct to be observed in civil actions in the U.S. District Court for the Northern District of Texas, including candor, diligence, respect, personal dignity, and professional integrity).

> medical attention for a back injury he sustained over the weekend, to which the attorney for [RSI] was forced to respond "there is no other real evidence one way or the other[]" . . . Only an attorney completely devoid of an ethical or moral sense of right and wrong would have sat quietly by as [RSI]'s attorney was required to make that sort of answer, bearing in mind that Ray had in his possession documents, which he had withheld from [RSI], showing that the real reason Hernandez went to the hospital that morning was for a condition that was unrelated to his military service the preceding weekend.

*Id.* at *7. The district court continued that if it "were to order less than removal of Ray's right to practice law before this court as discipline on Ray, the expectations of *Dondi* would be sorely disappointed." *Id.* at *9. The district court determined that Ray's conduct squarely qualified under the factors this court considers in evaluating whether an attorney's disbarment is warranted. *See In re Sealed Appellant*, 194 F.3d 666, 674 (5th Cir. 1999). The district court ordered Ray's removal from the list of attorneys authorized to practice in the Northern District determining that Ray was "unfit to practice in this court, and that his disbarment from such practice [would] protect the court and the public from his ministrations as such an unfit person." *In re Discipline of Ray*, 2019 WL 3082523, at *10. Ray filed this appeal.

## II. Standard of Review

"Sanctions imposed against an attorney by a district court are reviewed for abuse of discretion." *In re Mole*, 822 F.3d 798, 801 (5th Cir. 2016). We will determine that the district court has abused its discretion if "its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* Disbarment of an attorney by a federal court is proper "only upon presentation of clear and convincing evidence sufficient to support the finding

of one or more violations warranting this sanction." *Sealed Appellant*, 194 F.3d at 670.

## III. Discussion

On appeal, Ray argues that the district court abused its discretion in imposing disbarment because its findings were not supported by clear and convincing evidence. Specifically, Ray challenges the district court's findings that Hernandez and his wife committed perjury and that Ray intentionally withheld evidence. Ray also argues that the district court erred in failing to consider a lesser sanction than disbarment. Ray posits, however, that even a lesser sanction would be inappropriate since he should not be sanctioned at all. According to Ray, he only withheld "significant evidence" from opposing counsel prior to trial because he was "an inexperienced attorney, and not due to fraud[.]" We disagree.

This court has already upheld the district court's judgment granting RSI's Rule 60(b) motion on grounds that RSI established "by clear and convincing evidence, that Hernandez engaged in fraud or other misconduct that prevented RSI from fully and fairly litigating its case." *See Hernandez*, 907 F.3d at 365. There, we observed that "once [Ray] obtained physical possession of the records, he had a continuing obligation under Rule 26(e) to disclose them to RSI" and in not doing so "failed to meet his obligations under the federal rules." *Id.* at 362. We further underscored the district court's extensive findings that "[Hernandez], often through his attorney [Ray], engaged in fraud, misrepresentation, and misconduct in [his] presentations, verbally and in writing, to the court in pretrial matters, during the trial, and in his presentations to the Fifth Circuit in support of his appeal from [the district] court's dismissal of his claims[.]" *Id.* at 364.

Thus, the only question before us now is whether the district court's imposition of disbarment as a sanction for Ray's adequately documented

misconduct was an abuse of discretion. The answer is no. As we observed in *Sealed Appellant*, "[d]isbarment is generally appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously, adversely reflects on the attorney's fitness to practice." 194 F.3d at 674. We explained in that case that

> [w]hen acting under an inherent power to disbar an attorney, a district court must make a specific finding that an attorney's conduct "constituted or was tantamount to bad faith." When bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the necessary finding of "bad faith" may be inferred.

*Id.* at 671. Here, the district court's thorough and lengthy opinion reveals that it closely followed *Sealed Appellant*'s parameters when it concluded that Ray's disbarment was the proper sanction. As the district court stated:

> The court can infer Ray's mental state when he repeatedly engaged in his inappropriate conduct. A fair inference from his repeated violations of his ethical and moral obligations over a period of years is that he intentionally did what he did, knowing that it was wrong. The actual and potential injury of his misconduct included hundreds of thousands of dollars of financial loss to the opponent in his litigation and untold hours of time devoted by this court and the Fifth Circuit to evaluation of the records of the underlying action, ruling on motions, and otherwise resolving issues that were presented by reason of Ray's misconduct. Aggravating factors include those mentioned above, and the obvious stress that the owners and managers of [RSI] have undoubtedly suffered by reason of the developments in the underlying litigation.
>
> . . .

No. 19-10875

> The court finds that Ray engaged in intentional conduct, involving dishonesty, fraud, deceit, and misrepresentation.

*In re Discipline of Ray*, 2019 WL 3082523, at *9. Given the district court's detailed analysis that is supported by the record and this court's holding in *Hernandez*, 907 F.3d 365–66, we conclude that the district court did not abuse its discretion in ordering Ray's disbarment. *See Mole*, 822 F.3d at 801.[4] Ray's secondary argument that the district court erred in failing to consider a lesser sanction is also meritless. As the district court explained:

> The court has considered, but has decided against, imposition of lesser sanctions, having concluded that no lesser sanction will adequately and appropriately address the seriousness of Ray's misconduct. The court considered financial sanctions, but was frustrated in the court's attempt . . . to obtain information [from Ray] that would enable the court to make an informed decision as to an appropriate financial sanction to be imposed.

*In re Discipline of Ray*, 2019 WL 3082523, at *5. The district court's language above derives from its attempted solicitation of any financial payment Ray made in settling with RSI. The district court stated that it would take into account that information in deciding whether further sanctions should be imposed. As noted, however, Ray declined to reveal the details of the settlement, so the district court determined that attempting to craft an alternative lesser, *i.e.*, a financial, sanction without this information would be a fruitless endeavor. *Id.* It is clear from this part of the record that the district

---

[4] Ray's suggestion that his withholding of "significant evidence" from opposing counsel was due to his inexperience is belied by the record. As the district court observed in its judgment imposing disbarment, Ray has been in practice since 2009 and was in his fifth year of practice when Hernandez's original suit was filed against RSI.

9

court did consider a lesser sanction and simply decided against it. Thus, Ray's assertion that the district court "failed to consider a lesser sanction" and instead "jumped directly to the most severe sanctions available" is, once again, an inaccurate portrayal of the facts.

## IV. Conclusion

For the foregoing reasons, the district court's order imposing against Attorney Ryan Eugene Ray the sanction of disbarment from the U.S. District Court for the Northern District of Texas is affirmed.