# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 21-10680

Matthew R. Scott,

*Plaintiff—Appellant*,

*versus*

MEI, Incorporated; MEI Group, *doing business as* MEI Auto Group; MEI Auto Finance, Incorporated; MEI Auto Rental, L.P.; MEI Auto Repair, L.L.C.; MEI Auto Sales, L.P.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-502

Before Davis, Smith, and Engelhardt, *Circuit Judges*.
Per Curiam:*

When litigating in federal district court, it is often advisable to read the court's orders. They are not merely "the breath of an unfee'd lawyer,"

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and an attorney who treats them as such does so at his own peril.[1] Should an attorney misstep, the best course of action is to take responsibility for the mistake and try to move forward. Appellant Scott, counsel for the plaintiff in the case underlying this appeal,[2] failed to read a court order closely and waffled on taking responsibility for the resulting mistake. He argues that the district court abused its discretion by imposing a minor sanction on him. We disagree and AFFIRM.

I

Scott's client, Luna, sued Defendants-Appellants (collectively "MEI") in Texas state court. She asserted six Title VII claims in her amended complaint. The district court set April 14, 2021 as the deadline for motions for leave to further amend the pleadings. Within the deadline, Luna moved to amend and add two Family and Medical Leave Act ("FMLA") claims. The district court granted the motion, ordering that Luna was "granted leave to file by December 4, 2020, her second amended complaint." The district court, therefore, expected Scott to file the second amended complaint. But Scott did not read the order closely and *assumed* that the second amended complaint was filed.

After Luna's deposition, Scott thought it necessary to seek leave to file a third amended complaint, dropping three of the six Title VII claims he believed no longer viable. He had time to do so because the deposition occurred on April 13, 2021 and the deadline for amendment was April 14.

---

[1] William Shakespeare, King Lear act 1, sc. 4.

[2] *See Luna v. MEI Grp.*, No. 4:20-CV-502-A, 2021 WL 2887869, at *1 (N.D. Tex. June 2, 2021). The parties have settled the underlying claims, so we have severed and dismissed Luna accordingly. *Luna v. MEI, Inc.*, No. 21-10680 (5th Cir. Mar. 29, 2022). Thus, the only dispute remaining before us is whether the district court abused its discretion by imposing a sanction on Scott.

But, citing an inability to confer with Luna, Scott did not seek leave to amend until April 20, after the deadline had passed. MEI opposed the motion. Scott erroneously believed that the second amended complaint was filed, so from his point of view the only proposed change was dropping three Title VII claims. MEI rightly understood that because the second amended complaint was never filed, the first amended complaint—which contained no FMLA claims—remained the operative pleading. Thus, Scott's tardy amendment would add new claims to the litigation after Luna's deposition, substantial discovery, and the filing of a motion for summary judgment.

The district court denied leave to amend. After recounting the procedural history, it expressed disbelief at Scott's conduct and concern that Scott's proffered reason for the new amendment—to drop claims—was pretextual since the proposed amendment would *add* claims. That kind of parlous behavior would, the court reasoned, constitute misrepresentation and conduct unbecoming a member of the bar. Pursuant to the court's local rules, the court directed Scott to show cause "why he should not be sanctioned . . . for conduct unbecoming a member of the bar, failure to comply with the court's order setting schedule, and inability to conduct litigation properly." The court also ordered MEI to file an appropriate response and "include therein a statement of fees and expenses incurred" in responding to Scott's untimely motion for leave to amend and the resultant show cause order.

Scott filed a lengthy response explaining that he had mistakenly believed that the second amended complaint *was* filed, and that all subsequent errors arose from that misunderstanding. Because he had made an honest mistake, he pressed, his conduct was not an attempt to mislead the court or otherwise act in a manner unbecoming. The district court was "satisfied that Scott underst[ood] the seriousness of the situation and what

No. 21-10680

the court expects."[3] It ordered Scott to pay MEI $1250 as reimbursement for "reasonable attorney's fees incurred in responding" to the untimely motion for leave to amend and to the show cause order. Scott appealed.

## II

We review the district court's imposition of sanctions for abuse of discretion. *In re Ray*, 951 F.3d 650, 654 (5th Cir. 2020). A "district court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re Mole*, 822 F.3d 798, 801 (5th Cir. 2016) (quotation omitted). Scott raises four arguments that the district court abused its discretion. All are paper-thin.

Scott first argues that the district court's sanction had no legal or factual basis, and that its explanation was cursory. Not so. To begin, "the degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 883 (5th Cir. 1988) (en banc) (discussing Rule 11 sanctions). Here, the violation and sanction are both minor. Scott failed to comply with the court's scheduling order and was required to pay MEI $1250 as reimbursement for the costs it incurred by responding to the situation. Further, the district court provided ample reasoning to support its sanction.

On the law, the court cited Local Rule 83.8(b) as the basis for its show cause order and the sanction. It provides that a court may, "after giving opportunity to show cause to the contrary, . . . take any appropriate disciplinary action" against an attorney for, *inter alia*, failing to comply with

---

[3] The district court issued an order stating its findings regarding the show cause order and a Final Judgment as to Sanctions on the same day.

court orders. N.D. Tex. Civ. R. 83.8(b).[4] This entire debacle was the result of Scott's failure to follow a court order, so the district court was well within its legal authority to take disciplinary action.

The district court likewise explained why the record supported imposing a sanction. In its show cause order, the court both detailed its reasoning for issuing the order and ordered MEI to provide an accounting of the costs it had incurred and would incur in responding to Scott's untimely motion and the show cause order. Scott does not dispute that his motion was untimely or that MEI incurred additional costs due to his mistake. After receiving Scott's and MEI's responses to the show cause order, the court considered MEI's accounting, found it wanting, and set the sanction at a modest $1250. The district court, therefore, not only provided ample basis for imposing the sanction, but also carefully considered the appropriate amount of the sanction in light of MEI's showing.

Second, Scott argues that the district court's statement that "no further action should be taken" was "an admission by the district court that its initial reaction was incorrect." Thus, Scott reasons, the sanction was improper. That reading of the court's order is strained, at best. The court never based its sanction on its initial suspicion that something sinister was afoot. Instead, it expressly based the sanction on reimbursing MEI for the costs of litigating Scott's failure to follow the scheduling order. Even if true, this argument is irrelevant.

Third, Scott argues that it is illegitimate for a court to order counsel to reimburse another party for a response to a court order or a party's motion.

---

[4] Because the district court invoked local rules to penalize Scott, rather than its inherent power, there is no requirement that it find bad faith. *In re Goode*, 821 F.3d 553, 558–59 (5th Cir. 2016).

That argument is frivolous. Scott cites no authority supporting his hunch that a sanction in these circumstances is illegitimate. Indeed, the Federal Rules of Civil Procedure provide otherwise,[5] and the plain text of the Northern District of Texas's local rules authorizes "*any* appropriate disciplinary action." N.D. Tex. Civ. R. 83.8(b) (emphasis added).

Finally, Scott argues that the district court's conclusion that no further action needed to be taken necessarily precludes the $1250 sanction as action taken. Scott explains neither why that is true nor why it matters. In essence, Scott argues that because the statement "no further action should be taken" appears in the paragraph preceding the court's discussion of MEI's accounting and imposition of the reimbursement sanction, the sanction is erroneous. He cites no authority for that proposition, and we reject it.

The district court had ample factual and legal bases to impose the minor sanction disputed here. It clearly stated its reasons for doing so, and we cannot conclude that it ruled "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re Mole*, 822 F.3d at 801.

### III

Scott made a mistake. The district court imposed a reasonable sanction to reimburse MEI for the expense of dealing with that mistake. Law, fact, and logic itself support that course of action. Thus, we AFFIRM.

---

[5] *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (approving of awarding attorney's fees from one party to another via sanction).